IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| EMANUEL JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 124-040 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

On April 8, 2024, the Magistrate Judge identified numerous deficiencies in Plaintiff's Complaint and motion to proceed *in forma pauperis* ("IFP") and ordered Plaintiff to submit a new IFP motion and an amended complaint within twenty-one days. (Doc. no. 4.) On May 6, 2024, the Magistrate Judge recommended dismissing the case without prejudice because Plaintiff failed to timely comply with the Court's April 8th Order. (See doc. no. 5.) The Court also instructed Plaintiff any objections to the Report and Recommendation ("R&R") had to be filed no later than May 23, 2024. (Doc. no. 6.) After receiving no objections, the Court adopted the R&R as its opinion on May 29, 2024. (Doc. no. 8).

Also on May 29th, the Court's April 8th Order, which was mailed to Plaintiff at the address he provided as his street address on his Complaint, was returned to the Clerk of Court as undeliverable. (Doc. no. 7.) Because Plaintiff recently filed another case in this District, Jackson v. Escambia Cnty Courthouse, et al., CV 124-077 (S.D. Ga. May 28, 2024) ("CV 124-077"), the Court is aware Plaintiff is now located at a different address, which he included

without explanation in this case on his Complaint under the section titled "The Defendant(s)," (see doc. no. 1, p. 1). While the Court does not condone Plaintiff's failure to keep the Court apprised of his current address, the Court **DIRECTS** the **CLERK** to update Plaintiff's address in this case to the address he provided in CV 124-077.

As the April 8th Order was returned as undeliverable and thus, Plaintiff did not have the benefit of the instructions contained within it, the Court **VACATES** the adoption order entered on May 29, 2024, the R&R entered May 6, 2024, and the Order accompanying the R&R. (Doc. nos. 5-6, 8.)

However, this case shall remain closed, as Plaintiff's Complaint fails to state a claim upon which relief may be granted, and any opportunity to allow Plaintiff to amend would be futile. (See doc. no. 1.) As the Magistrate Judge summarized:

> the Court is unable to determine the legal and factual bases for his claims against Defendant from the Complaint as it currently stands. (See generally doc. no. 1.) Plaintiff lists the United States of America as the sole Defendant, but the statement of his claim is merely "illegal gambling, money laundering, etc.," with no explanation as to how the government is involved. (Id. at 4.) Moreover, in the section describing the relief Plaintiff seeks, he refers to a dispute between him and his attorney, again with no explanation as to how this dispute involves Defendant. (See id. at 4-5.) Additionally, the Court is unable to determine whether Plaintiff intends to bring suit only on his own behalf or also on behalf of Church of Christ, which he lists as a Plaintiff under the jurisdiction section of the Complaint. (See id. at 3.)

(Doc. no. 4, pp. 3-4.) The undersigned finds Plaintiff's Complaint, which fails to connect the named Defendant with any allegation of wrongdoing and consists entirely of incoherent allegations, is clearly baseless and "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Thus, Plaintiff's Complaint fails to state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Douglas

v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Moreover, given the utter baselessness of Plaintiff's Complaint, the Court finds it would be futile to require Plaintiff to amend his complaint. See Jeffus v. Mahl, No. 22-12040, 2024 WL 832295, at *2 (11th Cir. Feb. 28, 2024) (*per curiam*) ("[T]he court need not grant a plaintiff leave to amend his complaint when further amendment would be futile. Leave to amend is futile when the complaint as amended would still be dismissed. The question in such cases is not whether the plaintiff has stated a claim, but instead, 'when all is said and done, he can do so.'" (citations omitted) (quoting Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019))). As such, Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and this case stands **CLOSED**.

SO ORDERED this 6th day of June, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA